## BALLARD PETTINGILL *versus* JONATHAN RIDE-OUT.

In this state, the owner of goods stolen, may commence a civil action for the injury, before the conviction or acquittal of the party, charged with the taking.

TRESPASS for taking the plaintiff's horse. The suit was commenced on the 16th December, 1831. The cause was tried upon the general issue, at September term, 1832, when it appeared that at February term, of this court, here in 1832, the defendant was convicted of stealing the horse which was the same taking of which the plaintiff complained in this suit.

*Atherton*, for the defendant, contended, that the action could not be maintained, because it was commenced before the conviction, the civil remedy being merged in the felony, until conviction. But the court overruled the objection.

After a verdict in favor of the plaintiff, a motion was made by the defendant's counsel, for a new trial—Atherton still insisting that the action did not lie before conviction or acquittal.

*E. Parker*, for the plaintiff.

RICHARDSON, C. J. delivered the opinion of the court.

It is urged, in this case, that the party injured, can maintain no action commenced before the conviction of the offender, because the civil remedy was merged in the felony until the conviction, and did not emerge until after that event, so that in fact there was no cause of action when the suit was commenced.

But how the civil remedy can at this day be considered as merged in the felony, counsel has made no attempt to explain ; nor does it seem to us to admit of any explanation.

When an assault upon an individual ends in murder, it may be said that the assault is merged in the higher crime of murder, and this is easily understood. So if a bond be given by one, for the contents of a note he gives to another, it is easy to see how the inferior remedy upon the note may be merged in the higher remedy upon the bond. And in the early days of the common law, when the severity of the criminal code left in the case of felony no room for private redress, when not only the life, but the goods, chattels and lands of the offender were all forfeited, we can very easily understand how the civil remedy was merged in the felony. Hawkins' Pl. of the crown, Book 2, cap. 49 ; 4 Blackstone, 94 —98 ; Coke Litt. 390—391.

But at this day it is not pretended, that the merger lasts beyond the time of judgment in the criminal prosecution. What is it then ? Every man is presumed to be innocent until convicted. There is, then, before conviction nothing in which the civil remedy can be merged except a suspicion of felony ; and the moment this suspicion is found by a trial to be either well or ill founded, the merger ceases. 12 East, 409 ; 4 Greenleaf, 164 ; 3 ditto, 458 ; 4 N. H. Rep. 239 ; 2 Car. & Payne, 421 ; 15 Mass. Rep. 331 ; 2 D. & E. 750 ; Buller's N. P. 32 and 78 ; 1 Levintz, 247.

To call a suspension of the civil remedy, till the criminal justice of the state is satisfied, a merger, is in our opinion very little, if any thing, short of an abuse of language. And in the case of *Crosby* v. *Leng*, 12 East, 409, the rule that denies private redress until the public justice is satisfied is placed entirely on grounds of public policy. Not a word is uttered by the court of any merger.

The question then, is, does that rule exist in this state ?

It has not been actually applied in any case that we can recollect. We are then at liberty to adopt or reject it according as we may find it adapted, or not adapted, to the situation and circumstances of this state.

We are by no means satisfied that the rule is of any practical use in any country. But however that may be, we are very well satisfied that the people of this state want no additional stimulants to prosecute offenders. Rogues are almost the only game our people have to pursue, and they are by no means backward in that chase. We do not believe that if the civil action and the criminal prosecution go forward together, the public justice will sustain any detriment whatever from that circumstance.

At all events, there seems to us to be no sound reason why the party injured should not commence his action before the conviction or acquittal of the offender. It will be enough if he is compelled to wait for a trial in his cause, until the prosecution in behalf of the state is brought to a close. Whether even that is expedient, it will be time enough to settle, when the question arises.

To compel the injured party to wait until the prosecution for the offence is ended before he can commence an action must be, as is very well known, in most cases to deny all remedy.

We are, therefore, clearly of opinion, that it is no objection to this action that it was commenced before conviction.

*Judgment on the verdict.*