STATE OF IOWA, Appellee, v. ALBERT SCHAUENBERG, Appellant, et al., Appellees.

INTOXICATING LIQUORS: Injunction—Evidence. Evidence held to
1    justify the granting of an injunction.

INTOXICATING LIQUORS: Injunction—Continuance. The court has
2    discretion to refuse a continuance of an action to enjoin the unlawful sale of intoxicating liquors, in order that an indictment against the same defendant and involving the same facts may first be tried.

*Appeal from Keokuk District Court.*—D. W. HAMILTON, Judge.

MARCH 4, 1924.

SUIT to enjoin a liquor nuisance. Action was dismissed against Fischer & Spencer, owners of the building. Decree was entered as prayed against defendant Schauenberg, who appeals—*Affirmed.*

*Roberts, Webber & Lambert,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *J. H. Wyllie,* County Attorney, and *Robert Shaw,* County Attorney, for appellee.

ARTHUR, C. J.—I. At the time of the trial, Schauenberg had been for about four years engaged in a mercantile business in Kinross, a small town in Keokuk County. In his store he

1. INTOXICATING LIQUORS: injunction: evidence.

kept a stock of hardware, automobile tires, harness, and drugs. The petition alleged that Schauenberg kept for sale and sold whisky, orange peel, jamaica ginger, tanlac, Lydia Pinkham's Compound, essence of ginger, and other compounds containing from 7 to 85 per cent alcohol. Defendant in his answer and as a witness denied selling intoxicating liquor. He admitted having purchased and sold various proprietary medicines.

II. W. A. Size, employed in the detective service of the attorney-general's office, testified that, on the 12th day of June, 1922, he purchased from defendant, at his place of business in Kinross, Iowa, a drink of whisky, and paid 50 cents for it.

G. W. Sears testified that he had bought from defendant, a number of times, jamaica ginger and orange peel by the bottle, and had drunk it; that they were intoxicating; that he became intoxicated by drinking them; that he bought them for and used them as beverages; that Schauenberg asked him how he liked the orange peel; that the bottles of jamaica ginger which he bought were four-ounce bottles; that he bought a bottle of jamaica ginger on Christmas Eve, 1921; that he bought jamaica ginger a dozen times or more; that Schauenberg never refused

to sell him jamaica ginger and orange peel; that both jamaica ginger and orange peel which he bought had an intoxicating effect upon him; that he had bought jamaica ginger from Schauenberg within the last year, for the purpose of using it as a beverage; that the defendant knew that he was using it as a beverage.

Rome Sears testified that his business was draying; that he did draying for Schauenberg; that he had delivered to him jamaica ginger; that, about a year ago, he bought a couple of bottles of jamaica ginger, which they called "jake," and paid a dollar for them; that sometimes he helped to open boxes which he hauled from the depot to Schauenberg's place of business; that some of the boxes contained "liko," that "liko" is 23 per cent alcohol, and contains "hooch and one thing and another, by the way it tasted;" that he saw beef and iron on the shelves of the store; that he had delivered jamaica ginger to the store; that he knew it was jamaica ginger "when I helped him hide it,—I know it was intoxicating liquor when I hauled it;" that he bought bottles containing jamaica ginger which had printed on the bottles "80 to 85% alcohol;" that he did not know what else besides alcohol the bottles contained, but that it would make a man drunk; that there were five one-gallon jugs of jamaica ginger that he helped Schauenberg hide in the cellar.

Wilford Sears testified that he never bought any intoxicating liquor from Schauenberg, but had seen liquor that came from his store; that he was with fellows who got something from the store which they drank, and it made the boys drunk; that he did not know the name of it.

F. H. Schaull, a minister of the gospel, testified that he was around the store some; that about a year ago he saw Mrs. Frances Fischer and Schauenberg having an excitable conversation, but could not hear what was said; that Schauenberg said to him afterwards:

"See the old lady? She was giving it to me. I gave her boy Hubert some stuff, and he got drunk on it, and she is giving me the devil for it."

Dolly Wagamon testified that she was the wife of Charles Wagamon; that she had seen her husband around Schauenberg's store frequently; that "in the last two weeks my husband has

not drawn a sober breath. I have observed him going in sober and coming out drunk, and I found bottles in his pocket, after he has been there,—four-ounce bottles. I think essence of ginger had been in them.'' She further testified that she knew the reputation of the place; that ''it is a booze joint, I would call it.''

W. H. Wagamon, a farmer living near Kinross, testified that he had bought proprietary medicines from Schauenberg which contained alcohol.

Several witnesses called by the State testified that the reputation of the store was that it was a place where intoxicating liquors were being sold; that drugs were sold for beverages.

Defendant Schauenberg called several business men of the town and some farmers as witnesses in his behalf, who testified, in substance, that they were frequently in and about defendant's store, and that they did not know of any intoxicating liquor's being sold by defendant; that they regarded the place as having a good reputation.

III. There can be no question about the law applicable to the case. The action was properly begun, and maintainable under provisions of our statutes relating to illegal sale of intoxicating liquor. Also, one not a registered pharmacist is prohibited from keeping and selling proprietary medicines and other domestic remedies containing intoxicating liquors. Code Section 2588. Appellant was not a registered pharmacist.

IV. Some rulings by the court are complained of. Defendant moved to strike from the petition allegations in substance and effect that defendant was maintaining a building for the purpose of selling compounds containing intoxicating liquor as a beverage, and that he was illegally selling at retail compounds containing intoxicating liquors, which motion was overruled. Thereupon defendant demurred to the petition, which demurrer was overruled. The grounds of the motion were that the allegations referred to in the motion were immaterial, and did not allege facts entitling plaintiff to the relief demanded. The demurrer asserted that the petition did not entitle plaintiff to the relief demanded, or to any other relief exclusively within the jurisdiction of a court of equity. Manifestly, it was not error to overrule the motion and the demurrer. On the

overruling of the motion to strike and the demurrer, the case was assigned to be tried some eight days later. Whereupon, defendant moved for a continuance, on the grounds that there was pending an indictment against defendant, charging him with maintaining a nuisance at the same place charged in the petition, and based upon the same facts; that the case on indictment should be tried first; that, in the instant case, defendant would be compelled to take the witness stand and testify to all matters involved in the criminal case, and would thereby be deprived of his constitutional rights and protection in the criminal case; that, in the injunction case, it would be necessary for the State and defendant to call a large number of witnesses and incur a large expense; and that, when the indictment case came on for trial, it would be necessary to produce the attendance of the same witnesses, at an additional great expense: while, if the injunction case should be tried after the indictment case, the testimony of most of the witnesses could be read into the record, and double expense would be avoided. The motion for continuance was overruled, of which ruling plaintiff complains. We think the court did not abuse its discretion in such ruling.

2. INTOXICATING LIQUORS: injunction: continuance.

V. We have carefully examined the evidence offered by the State and by the defendant, and find no reason to disturb the decree entered by the lower court. The finding of the lower court that defendant was maintaining a nuisance in the building in which he conducted his mercantile business, by therein keeping for sale and selling intoxicating liquors since the 1st day of March, 1921, up to the commencement of this action, has ample support in the evidence. One witness testified to buying whisky. The evidence shows that jamaica ginger, or "jake," as the witnesses called it, was quite generally sold by defendant and used by the buyers as a beverage. While the evidence does not disclose a chemical analysis of the jamaica ginger concoction, one witness testified that on the outside of the bottles it was printed, "80 to 85% alcohol." However, the evidence shows conclusively that intoxication resulted from drinking the so-called jamaica ginger sold by defendant.

The court is asked, by a motion submitted with the case, to allow an additional attorney's fee to be taxed in favor of

J. H. Wyllie for preparation of an additional abstract and brief and argument. The requested allowance is denied.

The judgment of the court below is affirmed.—*Affirmed.*

STEVENS, DE GRAFF, and VERMILION, JJ., concur.