CHARLEY FORD v. THE STATE.

No. 11595.   Delivered May 9, 1928.
Rehearing denied October 3, 1928.

486

The opinion states the case.

*Hall, Scott, Casey & Hall* of Marshall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, four years in the penitentiary.

The sufficiency of the evidence to sustain the conviction is vigorously assailed. About the night of the 14th day of July, 1927, the Continental State Bank of Beckville was burglarized. The vault door was burned through and about $1284.00 was taken from the bank. The State introduced as a witness G. C. Jenkins, an admitted accomplice, who testified in substance that the burglary of the said bank was committed by himself, Fred Walker, E. W. Rousseau and appellant on the night in question; that they drove over in a Ford coupe and a Chrysler coupe from Marshall, carrying with them an acetylene torch. On the road they stopped and procured a well bucket to be used in carrying water to cool the metal of the bank vault after boring through with the acetylene torch; that the Chrysler coupe was backed up to the window of the bank and a tarpaulin was placed on a framework around the vault door to prevent the light from the acetylene torch being observed through the windows of the bank; that they got all the money in the vault and it was later split between the four. Corroborative of this testimony it was shown that a car track was near the window of the bank which had been entered; that it ran over a piece of paper and on this paper and on the ground left a print similar to a casing shown to have been bought a few days previous by co-conspirator Fred Walker; that two men were seen near a well between Marshall and Beckville and two cars were heard to drive off about twelve o'clock at night, which was about the time accomplice testified that such bucket was taken; that this bucket was found at the bank and was identified as the bucket which came from the well where the two cars and two men had previously been seen the night before; that some hundred dollar bills

were taken from the bank and appellant paid to a lumber company thereafter a hundred dollar bill; that the premises of appellant were searched and in a machine drawer at his residence there was taken $107.70 in small change, part of it wrapped in the checks of the Continental State Bank and positively identified by the banker as having come from the burglarized premises. Two money sacks were also found in said machine drawer, one of which was identified as coming from said bank. It was further shown that Walker had access to an acetylene torch at a garage where he worked. Two of these parties were seen together the night of the burglary in the town of Marshall.

The appellant himself introduced the statements of the accomplice, Jenkins, that "we robbed the bank at Beckville," but did not say who "we" were supposed to be.

The building was conclusively shown to have been burglariously entered, the vault burned through and its contents taken. The testimony is deemed amply sufficient to support the conviction. It shows conclusively the commission of the offense of burglary by someone and appellant's connection with same is fully established by evidence without that of the accomplice. It has been frequently held that the possession of recently stolen property identified as coming from burglarized premises is sufficient to support a conviction. Fetters v. State, 1 S. W. (2nd) 312. Rippey v. State, 86 Tex. Crim. Rep. 539, 219 S. W. 463. For a full collation of authorities, see Branch's P. C., Sec. 2346.

Complaint is made of the admission of the following testimony from accomplice, Jenkins:

"Yes, I know what became of the $100.00 bill which was taken from the Bank. After it was taken, I got one of them off of Fred Walker. I gave him five $20.00 bills for it; this was on Friday, the day before we were arrested, and was a week after the robbery. I paid this $100.00 bill to the Wolz Motor Company on a Dodge Sedan."

It is urged that the movements of Jenkins after the conspiracy had ended is immaterial and irrelevent. The Court qualified the bill in part as follows:

"Among the loot taken by Ford, Rousseau, Walker and Jenkins from the Beckville Bank were two $100.00 bills and the one mentioned here was one of these bills. This case was submitted on circumstantial evidence, and this evidence was admitted as acts and conduct of co-defendants tending to *trace* the loot obtained from the

Bank and from which officers obtained their clue to the *perpetrators* of the robbery."

While the general rule is that the acts and declarations of co-conspirators after the end of the conspiracy are inadmissible, it may always be shown that such other co-conspirators were in possession of the fruits of the crime or the weapon or instrument with which it was committed. Pierson v. State, 18 Tex. Crim. App. 561. Roquemore v. State, 50 Tex. Crim. Rep. 545. Clark v. State, 28 Tex. Crim. Rep. 194. Branch's P. C., p. 354. The evidence shows that the four were in a conspiracy to rob the bank in question and acted together in robbing it. Where this fact has been proved, it is always admissible to introduce facts, the purpose of which is to trace the stolen property and show the guilt of a co-conspirator, and such testimony is not open to the objection that it is hearsay acts and declarations in accused's absence after the termination of the conspiracy.

This disposes of similar contentions made in other bills.

Complaint is also made of the testimony of a witness that about the time of the robbery he loaned Fred Walker, one of the co-conspirators, a forty-five six-shooter. The accomplice testified that the parties were in possession of a forty-five six-shooter the night of the robbery. The acts and declarations of a co-conspirator pending the conspiracy are always admissible even if made out of the presence of the accused on trial. The rule has been stated as follows:

"If a conspiracy is proved prima facie the acts or the declarations of any conspirator done in its prosecution and in furtherance or which form a part of the res gestae of any act designed to advance the object of the conspiracy which is already in evidence, whether preceding or subsequent thereto, are admissible against any or all of the conspirators. * * * It is not necessary to show that the accused took part in every act of the conspiracy or that he had actual knowledge of every act." Underhill's Criminal Evidence, Third Edition, Paragraph 718. See also Pierson v. State, 18 Tex. Crim. App. 561.

Appellant presents by bills of exception Nos. 2 and 3 the question of the admissibility of the Sheriff's testimony of the result of a search of appellant's premises, claiming that he acted under an invalid search warrant issued and obtained in violation of the law and the constitution. Neither the affidavit for search warrant nor the search warrant itself appears in such bill, nor is the truth of appellant's objections in any way verified by the Court nor set out as

facts. In other words, the bill only shows that such an objection was made without any statement that the facts which formed the basis of the objection had any existence. That these bills of exception are insufficient to present any question for review has been so oftimes decided that any further analysis or statement of the rule would be a useless consumption of time and space. For a full collation of authorities, see Branch's P. C., Sec. 209.

Bill of exception No. 4 attempts to raise this same matter but it is uncertain from the bill whether the objection was to the admission of the search warrant and affidavit or to the admission of the evidence under it. Such affidavit and search warrant are set out in this bill but the Court qualified same with a statement that the defendant himself introduced these in evidence. No evidence is exhibited in the bill which was obtained by virtue of any search. The qualification of the Court answers the question of the admissibility of the search warrant and affidavit and as to the admissibility of illegal evidence obtained thereunder none being shown in the bill as introduced, such matter cannot be considered. Massey v. State, 1 Tex. Crim. App. 569. Fletcher v. State, 153 S. W. 1135. Branch's P. C., P. 136.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we erroneously disposed of his bills of exception Nos. 2 and 3. Again reviewing the matter, we see no reason to change our former conclusion. One objecting to the introduction of testimony as to the search made by officers, the ground of the objection being that such officers had no warrant, must assume the burden of satisfying this court from the record that the objection is well taken. In the absence of some affirmative showing that there was no search warrant, as set up in such objection, this court will assume the correctness of the action of the court below.

Nor are we able to agree with appellant's contention that we erred in our disposition of his bill of exceptions No. 4. As we understand said bill it sets out that the sheriff testified for the State, that he made a search of the private residence of appellant, looking for

moneys stolen from the bank, and that he found in a sewing machine in said house money which was identified as belonging to said bank. The bill then sets out an affidavit and search warrant issued to the sheriff to search the residence and premises of appellant for violations of the liquor law. In his qualification to the bill the court certifies that no inquiry was made of this witness by the State relative to any search warrant or affidavit, and that the fact that witness was in possession of the search warrant and affidavit set out in the bill, was developed by appellant in his cross-examination of the witness. If the witness found the money of the bank in appellant's house as a result of a search made under the affidavit and warrant referred to in the bill,—such fact does not appear in the bill. The return of the officer on the search warrant, which is set out in the bill, does not show that he found any money, but on the contrary evidences the fact that the officer found intoxicating liquor in possession of appellant. This court is entirely unable to find anything in the confused condition of the bill upon which error could be predicated.

The accomplice testified positively to facts which showed the guilt of appellant. The record also shows that in appellant's possession shortly after the alleged burglary, was found property which came out of the burglarized house. The books abound in cases which hold that the recent possession unexplained of stolen property will of itself be sufficient to justify the conviction of the possessor, for theft, or in a proper case, for burglary. The conjunction of the two facts, viz: the testimony of the accomplice and the finding of the alleged stolen property in possession of appellant recently after the commission of the crime, would seem to justify the verdict.

Being unable to agree with appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*