PAGE *v.* STATE.

Opinion delivered March 10, 1930.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHaney, J. Appellant and two others were charged in the indictments, each containing two counts, with burglary and grand larceny. On his motion to sever, appellant was tried separately, and by consent the two cases were consolidated. He was convicted on both counts in both indictments, and sentenced to two years in the penitentiary.

He has not favored us with a brief in his behalf. The first three assignments of error in the motion for a new trial challenge the sufficiency of the evidence to support the verdict. We have read the abstract of the evidence prepared by the Attorney General, and find it amply sufficient without reference to the testimony of the two accomplices who were jointly indicted with him. We think it would serve no useful purpose to review it, and therefore refrain from doing so.

The next assignment of error is "that the court erred in permitting the prosecuting attorney * * * to prove statements made by other persons when the defendant was not present at the time of the alleged statements." The record fails to disclose any such statements, but, even conceding that it did, this assignment is too indefinite to bring to the attention of the court any particular statement complained of. A witness was permitted to testify that the two accomplices had made statements in appellant's presence, but the witness did not state what the statements were. There is no merit to this assignment.

It is next assigned that the court erred in permitting the State to prove that various stolen articles were found in the possession of persons other than appellant.

Some of the stolen articles were found in possession of appellant, and some in possession of the other accomplices. The rule that the acts, conduct and declarations of one co-conspirator, after the accomplishment of the purpose of the conspiracy, are not admissible as against another conspirator has never been extended so as to exclude proof of such facts. The exact question was decided against appellant in *Wiley* v. *State,* 92 Ark. 586, 124 S. W. 249.

The last assignment that the court erred in giving instructions numbered "............" to the jury cannot be considered, as it points out no particular instruction, is too general, and is the same as if it had said the court erred in giving instructions.

Judgment affirmed.