## Commonwealth v. Robinson.

(Decided January 22, 1932.)

J. W. CAMMACK, Attorney General, GEO H. MITCHELL, Assistant Attorney General, and H. B. KINSOLVING, JR., Commonwealth's Attorney, for appellant.

J. C. CLOYD and H. E. NETHERTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Certifying the law.

The appellee and Leroy Brown were jointly indicted for the offense of possessing burglar tools with the intention of using them burglariously, being the offense denounced by section 1159 of the Statutes. They were tried jointly, and, at the conclusion of the commonwealth's testimony, the court directed a verdict in favor of the appellee. The trial then went on as to Leroy Brown, and, the issue of his possession with guilty intent being submitted to the jury, he was found guilty of the offense for which he had been indicted and sentenced to serve a term in the penitentiary. The commonwealth has appealed as to the dismissal of the appellee, and asks for a certification of the law on the question whether or not the lower court erred in directing a verdict in favor of the appellee.

The facts established by the commonwealth were these: In December, 1930, Mr. Prewitt was conducting a men's clothing and furnishing store in the city of La Grange, Ky. One night during that month some bars on the rear door of Prewitt's store, which opened out into the alley, were sprung loose and pulled straight back. On the transom over the door one of the iron bars was cut into with a saw; the marks on the bar indicating that this sawing had been freshly done. The town marshal on the night in question was making his rounds of the town, and, hearing a racket up the alley back of Prewitt's store as though some one was at work on an iron scrap heap, he went up the alley, and, when he got in the rear of Prewitt's store, he discovered, by the aid of his search light, Brown right up against the door, while appellee was close by kneeling with one knee on the ground. The town marshal searched the men, and discovered on Brown a bent screwdriver, a brace and bit, and a hack saw blade. Nothing was discovered on the person of the appellee. On these facts the lower court directed the verdict in favor of the appellee not because the tools dis-

covered on Brown could not be considered, under the facts and circumstances of this case, burglar's tools, for he submittted that question to the jury in connection with the question of Brown's guilt, and rightly so, as may be seen from the cases of Commonwealth v. Riley, 192 Ky. 153, 232 S. W. 630, and Fennen v. Commonwealth, 240 Ky. 530, 42 S. W. (2d) 744. The evident reason for the court's action in directing a verdict in favor of appellee was because nothing was found on the person or in the actual custody of the appellee, and so we have presented the question whether it is necessary to a conviction under section 1159 of the Statutes that the person accused have the actual custody of the tools in question.

In the case of Commonwealth v. Tivnon, 8 Gray (Mass.) 375, 69 Am Dec. 248, this exact question was presented, and in disposing of it, the Massachusetts court said:

"We have no doubt that proof of possession by the defendants of any of the implements named in the indictment, either actual or constructive, would be sufficient evidence to warrant a conviction, if accompanied by the guilty intent. But what is meant by constructive possession? It would be proved by evidence that the implements were held by one for himself and as agent for another; that they were jointly bought and owned, but kept by one only, or procured and held by one by mutual agreement or at the request of another; or that they were deposited in some place mutually agreed on, to which either could resort at pleasure. These and other instances which might be stated would constitute constructive possession."

The court in that case held that a constructive possession would support a prosecution for possessing burglar tools, but, because of an error in the instructions, reversed the case. This Tivnon case was followed in the later Massachusetts case of Commonwealth v. Johnson, 199 Mass. 55, 85 N. E. 188, and is cited as a footnote to section 652 of Roberson's New Kentucky Criminal Law and Procedure, wherein it is said:

"The possession of burglarious tools or implements with guilty intent may be joint as well as several and where the guilty intent of several is manifested by their joint act, it becomes a joint

offense. In such cases all who join in the commission of the act may be indicted jointly or severally and evidence that they or some of them had possession of burglar's tools is competent on the trial of one or all of them.''

In the instant case, the facts proven by the commonwealth could well have warranted the jury in finding that appellee and Brown were engaged in a joint enterprise and had made an entry in the nighttime into the storehouse of Prewitt with an intent to committ a felony therein. The condition of the iron bars on the rear door of the Prewitt store and the iron bar on the transom over the door could well have warranted the jury in finding that these two men, engaged in a joint enterprise, had undertaken to saw the iron bar in the transom through, and had pried loose and bent back the iron bar in the door; that they had sawed the iron bar in the transom with a hack saw blade found on Brown, and that the bent screwdriver and brace and bit had been used in getting the iron bar on the door loose and pried back; that these tools were used in this joint enterprise by joint agreement; and that, although Brown had the actual manual custody of them, he held such custody for himself and appellee by mutual agreement. If the jury would have been warranted in finding these facts from the evidence adduced by the commonwealth, if they believed it, then the appellee had constructive possession of these burglar tools, and such possession is sufficient to sustain a prosecution as decided in the Tivnon Case. We are therefore of opinion that the court should have submitted the case to the jury as to the appellee. However, we are, of course precluded from reversing the judgment, and are confined to a mere certification of the law. The law is so certified.