McGee *v.* State.

4584 223 S. W. 2d 603

Opinion delivered October 17, 1949.

*E. M. Ditmon,* for appellant.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

Frank G. Smith, J. Appellant was found guilty of assault with intent to commit rape. The jury's verdict finding him guilty did not fix his punishment, but left that duty to the trial judge. Section 4070, Pope's Digest, permits this practice and under its authority appellant was given a sentence of four years in the penitentiary. To reverse this judgment appellant assigns three errors in his motion for a new trial; that the verdict of the jury was contrary to law, contrary to the evidence, and that the court erred in giving Instruction No. .........

The testimony shows that immediately before assaulting Mrs. Frisby, the person alleged to have been assaulted, appellant pursued and chased two other ladies, but both eluded him. Mrs. Frisby was not so fortunate. Her testimony was that she was enroute home from a church meeting, about 8:00 p. m., when she saw appellant chasing a lady, who evaded him by running into a

house on the street where she ran. Mrs. Frisby testified that she thought the parties were fighting. When she passed the house into which the lady who was being chased by appellant ran, appellant came down the steps and grabbed her "right down here on my person, low down". He asked Mrs. Frisby to come around the corner with him, and put his hands all over her, knocking her down. She called appellant a dirty black devil, and he disappeared, and she started running to her home. But appellant reappeared in the next block and again grabbed her, throwing her to the ground. Her neck was scratched, her legs skinned and the buttons on her dress torn off. Her false teeth were knocked out of her mouth, and when she screamed appellant ran away. Mrs. Frisby further testified that both times she was attacked she layed or threw her pocketbook where appellant could get it if that was what he was after, but that "he did not want my pocketbook and he did not touch it."

Mrs. Frisby and the woman she saw appellant chasing identified appellant very positively and definitely as their assailant. The testimony supports the finding that the assault made on Mrs. Frisby was with the intent of committing rape.

It was said in the case of Priest v. State, 204 Ark. 490, 163 S. W. 2d 159, that to warrant a conviction of assault with intent to rape it must appear not only that defendant intended to have carnal knowledge of the female alleged to have been assaulted forcibly and against her will, but that he did some overt act toward accomplishment of his purpose which amounted in law to an assault upon her. The testimony here fully meets this requirement.

That Mrs. Frisby was assaulted is not questioned, and that appellant was her assailant was established by the testimony of Mrs. Frisby. There was testimony tending to prove an alibi according to which testimony appellant was not present at the time and place where the assault occurred. The truth of this testimony was of course a question of fact and evidently was not credited by the jury.

The assignment that the court erred in giving Instruction No. ........ is disposed of by the opinion in the case of Page v. State, 181 Ark. 314, 25 S. W. 2d 422, where it was said: ''The last assignment that the court erred in giving instructions numbered '............' to the jury cannot be considered, as it points out no particular instruction, is too general, and is the same as if it had said the court erred in giving instructions.'' Certainly all the instructions were not erroneous, indeed we find no error in any of them, and appellant does not attempt to show that any of them were erroneous.

The testimony amply supports the verdict, and as no error appears, the judgment must be affirmed and it is so ordered.