**Michael Ray STANDARD, Appellant,**

v.

**Karla BUCKNER.**

Court of Appeals of Kentucky.

Sept. 16, 1977.

Discretionary Review Denied
March 7, 1978.

John Tim McCall, Louisville, for appellant.

Daniel B. Boone, Louisville, for appellee.

Before COOPER, WINTERSHEIMER and REYNOLDS, JJ.

REYNOLDS, Judge.

This appeal is from a judgment following a jury verdict rendered in a civil action in favor of the appellee, Karla Buckner. The jury had found that the appellant, Michael Ray Standard, on two separate occasions, had broken into appellee's home and raped her and awarded appellee compensatory damages of $25,582.50 and punitive damages of $60,000.00.

At the time of the trial of this civil action appellant was serving a sentence in the state correctional facility for a separate rape conviction, and he was accompanied to this trial by a uniformed guard. In addition, the appellant was under indictment for the rapes alleged in this civil action.

As a matter of law, appellant contends that this action should have been continued, pending final disposition of the criminal charges, citing *Anthony v. Clarke,* 1 R.I. 284 (1850) and *Pettingill v. Rideout,* 6 N.H. 454, 25 Am.Dec. 473 (1833). We are of the opinion that the better view would leave the decision of continuances within the sound discretion of the trial court in consideration of all the surrounding circumstances. *State v. Schauenberg,* 197 Iowa 445, 197 N.W. 295 (1924); *Poston v. Home Ins. Co. of New York,* 191 S.C. 314, 4 S.E.2d 261 (1939). The record does not demonstrate that the court abused its discretion in denying appellant's motion for a continuance. There was no discovery which would have conflicted with appellant's privilege against self-incrimination. The appellant was called by the appellee and testified without exerting this privilege or rendering incriminating statements. In sum, appellant has not shown that under the circumstances of the case his rights were violated or his defense otherwise hampered by the pendency of the indictment.

Appellant contends that the court should have granted a continuance because prior to voir dire potential members of the jury saw the appellant accompanied by the prison guard while in the hallway outside the courtroom. He does not contend that his incarceration was made known to the jury during the trial. In fact, the record discloses that the trial court took particular care to prevent such an occurrence.

The trial court was careful to note of record that it had inquired into the matter and found that the appellant had not been exhibited to the jury as a prisoner. Appellant has not countered the court's finding by affidavits or otherwise. The question of whether a jury should be discharged for bias is one of fact and bias will not be presumed. *Watson v. Commonwealth,* Ky., 433 S.W.2d 884, 887 (1968), and the court's finding in this regard will not be disturbed except for manifest error. *Peters v. Commonwealth,* Ky., 505 S.W.2d 764 (1974).

Appellant's third alleged ground for reversal is the court's failure to grant a mistrial after introduction of hearsay statements related by the appellee. In essence, the appellee testified that the police told her that blood found on her pillowcase matched that of the appellant. The incompetence and potential prejudicial effect of the statement is not disputed. Rather, the question is whether the appellee's subsequent testimony "cured" the error.

Q. Now you don't know anything about the testing of that blood or anything, do you? You weren't trying to say that there was a blood test run on that, were you?

A. There was, but you know, they just told me it wasn't mine.

Q. The police didn't tell you the defendant's either?

A. No, he just said it wasn't mine.

Mr. McCall: Judge, I want her to withdraw that statement that she said then.

Court: Okay. Then I understand, as I heard a statement that you made that the blood, the police told you that the blood was the defendant's?

Witness: No.

Court: The police did not tell you that?

Witness: They told me it was the man who raped me.

Court: All right. And as far as you are concerned, they told you that the blood was not yours?

Witness: Yes.

Court: All right. But they did not say that it belonged to somebody by the name of Michael Ray Standard?

Witness: No.

Court: Okay. Well, I want the jury to be advised of that. Okay, continue.

We conclude that the appellee's unequivocable retraction of the prejudicial statement justified denial of appellant's motion. *Behrenfeld v. Breedlove,* 27 Cal.App. 419, 150 P. 71 (1915); *Canales v. Bank of California,* 316 S.W.2d 314 (Tex.Civ.App.1958).

Finally, appellant urges that the jury should have been admonished following his impeachment by a prior felony conviction. No admonition was requested at the trial, and therefore any error was not preserved for review. *Franklin v. Commonwealth,* Ky., 477 S.W.2d 788 (1972).

The judgment is affirmed.

All concur.