COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


MICHAEL ANDRE OWENS, S/K/A
  MICHAEL LEVY OWENS

                                                                       OPINION BY
v.      Record No. 0618-08-1                     JUDGE JERE M.H. WILLIS, JR.
                                                                       MAY 5, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              Edward W. Hanson, Jr., Judge

            (Allyson Denise Lee, on brief), for appellant.  Appellant submitting
            on brief.

            Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        On appeal from his conviction of possession of burglary tools, Michael Owens contends that

the evidence was insufficient to support the trial court's finding that he possessed such tools in

violation of Code § 18.2-94.  We affirm the judgment of the trial court.

                                              Background

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

        In the early morning hours of June 20, 2007, while a passenger in a car driven by Venject

Billups, Owens told Billups and Cornelius Burney that there was money inside Shaquitta Gilliams'

house located at 2114 Kimball Circle in Virginia Beach.  He said no one was home.  The three men

agreed they would break into the house and take the money.  Owens directed Billups to the house.

Burney testified that when they arrived, he and Billups exited the car and headed for the rear of the house, while Owens remained in the car. Burney carried a screwdriver with which he tried to pry open the sliding glass patio door. The glass door shattered. When the glass broke, Burney and Billups abandoned the burglary and fled. Burney "tossed" the screwdriver.

The house was occupied. The occupants called the police, who responded and arrested Billups and Burney in the neighborhood. Sergeant Knight found Owens "laying on the [rear] floorboard" of the car. Owens gave a false name.

At the conclusion of the evidence, Owens moved to strike, arguing:

> There's been no - - there's no proof of any conspiracy other than the uncorroborated statement of Mr. Burney. There's no proof - - there's no evidence that Mr. Owens took p[art] in any burglary. No burglary tools were found on Mr. Owens. And as a matter of fact, Mr. Burney's the one who said that those tools, I think it was the screwdriver, was with him.

The trial court convicted Owens of attempted burglary as a principal in the second degree, conspiracy to commit burglary, and possession of burglary tools. We denied his petition for appeal on the attempted burglary and conspiracy convictions, but granted an appeal on his challenge to the sufficiency of the evidence to support his conviction for possessing burglary tools. Unquestionably, the screwdriver employed by Burney was a burglary tool.

Analysis

Owens contends that no evidence proved he possessed or exercised dominion and control over any burglary tool.

Code § 18.2-94 provides as follows:

> If any person have in his possession any tools, implements or outfit, with intent to commit burglary, robbery or larceny, upon conviction thereof he shall be guilty of a Class 5 felony. The possession of such burglarious tools, implements or outfit by any person other than a licensed dealer, shall be prima facie evidence of an intent to commit burglary or larceny.

"Possession [of a burglary tool or tools] may be joint or several." Burnette v. Commonwealth, 194 Va. 785, 792, 75 S.E.2d 482, 487 (1953) (explaining that use of burglary tools by co-conspirator constitutes constructive possession by all the conspirators). Moreover, a co-conspirator may be criminally liable for an act of another member of the conspiracy if the act is "done in the furtherance of the conspiracy" and can "be reasonably foreseen as a necessary or natural consequence of the" conspiracy. Pinkerton v. United States, 328 U.S. 640, 647-48 (1946).

> All those who assemble themselves together with an intent to commit a wrongful act, the execution whereof makes probable, in the nature of things, a crime not specifically designed, but incidental to that which was the object of the confederacy, are responsible for such incidental crime. Hence, it is not necessary that the crime should be a part of the original design; it is enough if it be one of the incidental probable consequences of the execution of that design, and should appear at the moment to one of the participants to be expedient for the common purpose.

Brown v. Commonwealth, 130 Va. 733, 738, 107 S.E. 809, 811 (1921).

In Carter v. Commonwealth, 232 Va. 122, 348 S.E.2d 265 (1986), the Supreme Court held that a person engaged in a criminal concert of action with others incurs vicarious criminal responsibility for the use of a firearm in the commission of a felony even though the person did not use the firearm or know his co-actor possessed it. Id. at 126, 348 S.E.2d at 267 (holding that the evidence warranted an inference that Carter's participation in a plan to rob victim made him liable for using a firearm because the shooting was done as incident of a common purpose). The Court explained:

> In these circumstances, each co-actor is criminally responsible for the shooting, even those who did not intend it or anticipate that it would occur. Because they shared the common intent to rob, they shared the common intent to commit all of the elements of robbery, including the use of such force, violence, or intimidation as would be expedient for the accomplishment of their purpose. An incidental probable consequence of such a shared intent was the use of a weapon, including a firearm if one should be at hand. In

> such circumstances, the law is well settled in Virginia that each co-actor is responsible for the acts of the others, and may not interpose his personal lack of intent as a defense.

Id. at 126, 348 S.E.2d at 267-68.

"A person assisting his confederate to commit a crime is accountable for all crimes committed by the confederate in furtherance of the criminal enterprise, even though the accomplice may never have intended that the second felony would be committed." Jones v. Commonwealth, 15 Va. App. 384, 387, 424 S.E.2d 563, 565 (1992). "As long as the felony actually committed by the principal was a probable consequence of the execution of the originally intended criminal design, the person lending assistance is accountable as a principal in the second degree to the felony subsequently committed." Id. at 388, 424 S.E.2d at 565.

In Burnette, the Supreme Court relied on a Kentucky Supreme Court decision in acknowledging that one engaged in a joint enterprise may be convicted of constructive possession of burglary tools "although actual custody of the tools at the time was in an accomplice." Burnette, 194 Va. at 792, 75 S.E.2d at 487 (explaining that Kentucky's burglary tool possession statute was substantially similar to Virginia's) (citing Commonwealth v. Robinson, 45 S.W.2d 844 (Ky. 1932)). The Court reversed the conviction in that case because the Commonwealth failed to prove the defendants "conspired to commit a crime, or that defendant had committed any criminal act." Id. Such is not the case here.

In Burnette, police found burglary tools under the front seat and in the trunk of a car occupied by Burnette and a companion and charged Burnette with possession of burglary tools. The Supreme Court acknowledged the principle of constructive possession of burglary tools by one engaged in a joint enterprise. It reversed Burnette's conviction because the Commonwealth did not prove that Burnette and his companion "had conspired to commit a crime, or that [Burnette] had committed any criminal act." Id. at 793, 75 S.E.2d at 487. Absent proof of an

underlying crime or conspiracy to commit such a crime, the evidence was insufficient to support Burnette's conviction for possessing burglary tools. Id. The Burnette holding is distinguishable from this case. The Commonwealth proved that Owens and his companions conspired to commit burglary and that he was a principal in the second degree to the attempt to consummate that conspiracy. He stands convicted of those charges. When Burney attempted to burglarize the residence with the screwdriver, a probable aspect of the burglary attempt, Owens, who set in motion and participated in the burglary plan, was criminally liable as a principal in the second degree. See Carter, 232 Va. at 126, 348 S.E.2d at 267-68 (an incidental, probable consequence of intended robbery was use of firearm); Cotter v. Commonwealth, 19 Va. App. 382, 386-87, 452 S.E.2d 20, 22 (1994); Jones, 15 Va. App. at 387-88, 424 S.E.2d at 565 (person assisting confederate is accountable for all crimes committed by confederate that was probable consequence of intended criminal enterprise).

Accordingly, we affirm the judgment of the trial court.

Affirmed.