**Honorable John K. CARTER, Appellant,**

v.

**Karen DRUMM and Bruce Drumm, Appellees.**

Court of Appeals of Kentucky.

Nov. 29, 1985.

---

Oliver H. Barber, Jr., Louisville, for appellant.

Michael D. Morris, Louisville, for appellees.

Before CLAYTON, DUNN and McDONALD, Judges.

McDONALD, Judge:

The appellees, Karen and Bruce Drumm, have been accused of sexually abusing their young children, Angela and Shane. In May, 1984, custody of the children was given to the Cabinet for Human Resources pursuant to an emergency temporary order of the district court. The appellant, the Honorable John K. Carter, Special District Judge of the Bullitt District Court, scheduled the dependency actions for trial on December 14, 1984. On December 3, 1984, the Drumms sought a writ of prohibition in the Bullitt Circuit Court to stay the dependency proceedings until a final disposition was had on the felony criminal charges arising from the alleged sexual abuse of the children. These charges were then pending in the Bullitt Circuit Court and scheduled to be tried the next month, January, 1985. The appellant has taken this appeal to our court from the order and writ of prohibition of the Bullitt Circuit Court which granted the appellees' request for extraordinary relief and directed the appellant to refrain from proceeding in the two juvenile dependency actions until further orders. Subsequent to the granting of the writ the felony charges were transferred to the Madison Circuit Court for prosecution and to date have not been set for trial.

Although Supreme Court Rule 1.040(6) authorizes the circuit court to issue writs of mandamus or prohibition against a district judge, such relief in this case was unwarranted as there was no threat of "great injustice" or "irreparable injury" about to befall the appellees as a result of the dependency hearings. The Drumms assert that although the juvenile dependency actions were civil in nature, they concerned the same subject matter as that in the criminal actions against them. To allow the district court to proceed with the dependency matters, they argue, would force them to choose between exposing themselves to self-incrimination, thereby jeopardizing their defense of the criminal indictments, or invoking their constitutional rights against self-incrimination and thereby risking the loss of their children. There is, however, no allegation or hint that the appellant was about to deprive the Drumms of the protection afforded by our Constitutions against self-incrimination; and if the Drumms did invoke that right, they did not risk "losing" their children. The purpose for these proceedings was not to terminate the Drumms' parental rights but to determine whether the children were dependent, neglected or abused and to allow for suitable arrangements to be made for their care.

That a writ is inappropriate relief to be granted in this type of situation was made clear in *Standard v. Buckner*, Ky.App., 561 S.W.2d 329 (1977), which involved a civil action against an alleged rapist which occurred prior to the prosecution of the criminal indictments arising from the same rapes. This court held that the decision to continue a civil action concerning the same alleged criminal activity before the crimes are disposed of lies "within the sound discretion of the trial court in consideration of

all the surrounding circumstances." *Id.*, p. 330. The appellees had an adequate remedy by way of appeal to the Bullitt Circuit Court from a final order of the district court in the dependency action. Where there is an adequate remedy by appeal, a writ should not be used to control an inferior court or circumvent its interlocutory orders. *Sheffer v. Speckman,* 305 Ky. 627, 205 S.W.2d 305 (1947). Accordingly, the order and writ of prohibition are hereby vacated.

Further, pursuant to 2(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.32, and other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.