# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JUNE 15, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0210-MR

ARAYA KESSLER                                                 APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2022-CA-0138
BULLITT CIRCUIT COURT
NOS. 21-CI-00271 & 21-CI-00341

HONORABLE RODNEY DARREL                      APPELLEE
BURRESS, JUDGE, BULLITT CIRCUIT
COURT

AND

CHRISTIE KIPER, ADMINISTRATRIX       REAL PARTY IN INTEREST /
AND NICHOLAS HIBBS                             APPELLEES

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Araya Kessler (A.K.) appeals from an order of the Court of Appeals denying a writ of prohibition and mandamus relating to two civil actions filed in Bullitt Circuit Court. A.K. initially sought a writ to (1) lift a discovery stay; (2) separate two civil actions that were consolidated by the circuit court; and (3) abate one of the civil actions while the other is pursued. While this case was pending before the Court of Appeals and this Court, several procedural developments occurred that have shifted the posture of this appeal. After careful review, we affirm the Court of Appeals' denial of a writ.

## FACTS AND PROCEDURAL HISTORY

On January 31, 2021, Eric Kessler was shot and killed by a Bullitt County Sheriff's Deputy. Mr. Kessler is survived by his mother, Christie Kiper (Kiper), and A.K., his biological daughter. Kiper was appointed administratrix of Mr. Kessler's estate over a competing petition filed by Raymond Slaughter (Slaughter), A.K.'s maternal grandfather.

Kiper, as administratrix, filed Bullitt Circuit Court Case No. 2021-CI-00271 (the Estate case) pursuant to Kentucky Revised Statute (KRS) 411.130, a wrongful death statute which requires that a wrongful death action shall be prosecuted by the personal representative of the deceased. Kiper filed the action against the Bullitt County Sheriff's Office, Bullitt County Sheriff Walt Sholar, and "an unnamed County Sheriff's Office Deputy." That complaint alleges several other causes of action, including assault and battery, excessive use of force, and negligence. Importantly, in applying KRS 411.130 to the facts of this case, any recovery obtained in a KRS 411.130 action shall go to the deceased's child, here A.K., because Kessler left no widow. Thus, neither Kiper nor the Estate stand to receive any amount recovered in the Estate case. Accordingly, any judgment recovered in the Estate case litigation would only go to A.K.

On May 3, 2021, A.K. filed a separate civil action, Bullitt Circuit Court No. 2021-CI-0341 (A.K.'s case), pursuant to KRS 411.150, which allows the surviving child of a person killed with a deadly weapon to file a wrongful death action against the person who committed the killing and anyone who aided or

2

promoted the killing. A.K. named Nicholas Hibbs, the officer who delivered the fatal shot to Kessler, Sheriff Sholar, and deputy sheriffs of Bullitt County Sheriff's Office (collectively defendants).[1] A.K.'s case includes claims for assault and battery, excessive use of force, negligence, and parental consortium. The claims and parties in the Estate case and A.K.'s case are virtually identical.

Two days later, A.K. filed a motion for limited intervention in the Estate case seeking only for the circuit court to either dismiss the suit or, alternatively, to abate the matter while A.K. pursued her own wrongful death claim. In response to the motion, the Estate argued that no grounds for dismissal existed, and that, as personal representative of Mr. Kessler, Kiper is statutorily obligated to act as the plaintiff in a wrongful death suit brought under KRS 411.130. The Estate recognized that, under KRS 411.130(2), any wrongful death recovery belongs to the "kindred of the deceased" as opposed to the Estate itself. The Estate argued that despite this, the Estate was the only appropriate party for the claims which were personal to Mr. Kessler, including his own personal injuries incurred prior to his death.

Defendants filed a motion to stay discovery, arguing that Kentucky State Police was still investigating the matter and that said investigation could give

---

[1] Bullitt County Sheriff's Office Deputies Terry Compton, Eric Burdon and Maurice Raque III were dismissed from the consolidated Bullitt Circuit Court action by order dated December 13, 2021. That order was the subject of direct appeal to the Court of Appeals in case number 2022-CA-0322. On July 15, 2022, the Court of Appeals held that the Bullitt Circuit Court's December 13, 2021 order was interlocutory and did not invoke an exception to the general finality rule. Therefore, the Court of Appeals dismissed that appeal.

rise to a criminal prosecution. Further, because A.K. and the Estate were disputing which party has the right to bring a wrongful death action, proceeding with discovery in both cases could become unnecessary, duplicative, and overly burdensome. A.K. opposed the motion and argued that no authority exists for staying discovery for a pending criminal investigation.

Defendants also filed a motion to consolidate the Estate's case with A.K.'s case pursuant to Kentucky Rule of Civil Procedure (CR) 42.01. They argued that there are common questions of law and fact among the two cases, that the claims are similar, and that consolidation would serve to avoid unnecessary costs and delay. Additionally, defendants noted that the overlap of evidence between the two claims is substantial. Ultimately, on June 21, 2021, the circuit court entered an order staying discovery and consolidating the two cases. A.K. filed a motion to alter the circuit court's consolidation order which was denied.

In September 2021, both parties filed motions to lift the stay on discovery. Defendants sought to lift the stay to preserve a blood sample taken from Kessler. A.K. sought to lift the stay to depose a civilian witness who observed the events surrounding Kessler's death, and to retrieve evidence obtained by the Kentucky State Police. The circuit court granted the defendants' motion but denied A.K.'s motion.

On December 13, 2021, the circuit court entered an order denying A.K.'s motion to intervene and dismiss or abate. The circuit court cited *Wells' Administrator v. Lewis,* 213 Ky. 846 (1926), and determined that A.K.'s case

4

had priority over the Estate case. However, the circuit court reasoned that the motion to abate was premature because the Estate might prevail in a cause brought under KRS 411.130 although A.K. may not be successful under KRS 411.150. The circuit court reasoned that KRS 411.150 required A.K. to prove that the shooter did not act in self-defense to prevail. This December 13, 2021 order is one of the orders at issue.

A.K. filed a petition for writ of prohibition and mandamus in the Court of Appeals on February 8, 2022 which involved: (1) the June 21, 2021 order staying discovery in the Estate case and A.K.'s case; (2) the June 21, 2021 order consolidating the actions; and (3) the December 13, 2021 order denying A.K.'s motion to abate the Estate case while she pursued her case. She also filed an emergency motion for intermediate relief, which the Court of Appeals denied. While the writ petition was pending in the Court of Appeals, the circuit court entered an order on February 11, 2022 lifting the discovery stay.

In an April 22, 2022 Opinion, the Court of Appeals denied A.K.'s writ petition.[2] The Court of Appeals concluded that, because the discovery stay was

---

[2] We note that A.K. sought to strike Kiper's response to her writ petition before the Court of Appeals, claiming that Kiper is not a real party in interest. In a wrongful death claim under KRS 411.130, "[t]he personal representative is vested with the responsibility of bringing the action, but the representative is not a statutory beneficiary entitled to recovery." *Pete v. Anderson,* 413 S.W.3d 291, 299 (Ky. 2013) (citation omitted). Because a personal representative has no interest in the recovery, "the personal representative is a 'nominal' party, as the 'real parties in interest are the beneficiaries whom [the personal representative] represents.'" *Id.* The Court of Appeals reasoned that A.K. seeks relief that directly impacts Kiper in her capacity as Administratrix. Further, A.K. seeks to abate the Estate case. Kentucky Rule of Appellate Procedure (RAP) 60(C)(2) defines a real party in interest as "any party in the circuit court action from which the original action arises who may be adversely affected by the grant or denial of the relief sought in the petition." Thus, we decline to

lifted by a February 11, 2022 order, any relief granted would have no practical benefit and therefore the discovery issue is moot. In determining whether a writ is required for the abatement and consolidation issues, the Court of Appeals held that an order denying a motion to abate is not an appropriate subject for a writ proceeding and that A.K. is essentially seeking for the appellate court to "refashion an existing order in its entirety." A.K. failed to prove why she lacked an adequate remedy on appeal, which is an "absolute prerequisite to the issuance of a writ under [the] second category." *Indep. Order of Foresters v. Chauvin,* 175 S.W.3d 610, 615 (Ky. 2005). Further, even if A.K. did lack an adequate remedy by appeal, there is no irreparable harm because consolidation of the two cases did not prejudice A.K. The Court of Appeals also noted that neither the consolidation order nor the order declining to abate are final orders and each are subject to revision by the circuit court as the facts of the case are further developed.

A.K. appealed to this Court. But while the parties were briefing the matter before this Court, on July 13, 2022, a Special Judge, appointed after several recusals from the Bullitt Circuit Court,[3] ordered "Plaintiffs and their

---

address A.K.'s argument that Kiper is improperly participating in this action. As Hibbs posits, this issue has no bearing on our ultimate decision to deny the writ.

[3] On May 19, 2022, Judge Rodney Burress recused because his staff attorney, who worked with Judge Burress in these matters, accepted employment with the law firm that represents the defendants. On June 7, 2022, all judges from the Bullitt Circuit Court were disqualified from the action because one judge was approached personally by a non-party with information regarding these matters and the other judge was currently presiding over confidential litigation involving one or more of the parties in these matters.

counsel" to attend mediation. The circuit court reasoned that it had been nearly one and a half years since Kessler's death and no meaningful progress had been made in the action.[4] Instead, the Special Judge opined that the Estate and Slaughter engaged in a pattern of relentless litigation with an apparent motivation of being the recipient of a large settlement or judgment. There was no mention of the defendants attending mediation, and nothing in the record before us explicitly indicates that defense counsel was present or involved in reaching the mediation agreement.

After mediation, counsel for A.K., Zack McKee, and counsel for the Estate, Steve Romines, reached an agreement that included various terms, which the Special Judge adopted verbatim in an order dated January 4, 2023. That order states that the Estate case and A.K.'s case are unconsolidated and that the Estate case is abated. Interestingly, counsel also agreed that "half of the attorney fees up to $200,000 max in attorney's fees will be paid to Steve Romines. In the event Steve Romines proceeds with 21-CI-00271 [(the Estate case)], Zack McKee shall be paid half of the attorney fees up to $200,000 max." At the time of mediation, the cases were consolidated and proceeding simultaneously. A.K. had a pending writ petition challenging consolidation, seeking to abate the Estate's case and lift the discovery stay. Instead of allowing the case to proceed through the appellate process, as requested by A.K. by virtue of her filing a writ petition, the plaintiffs in the two cases instead

---

[4] Although a special judge was appointed from a different judicial circuit, we refer to any actions taken, whether taken by the Bullitt Circuit Court or the special judge, as taken by the "circuit court."

used mediation to agree to these procedural aspects of this case outside of the knowledge of defendants.

Now, we consider whether this Court has jurisdiction to decide these issues.

## ANALYSIS

To summarize, we must consider whether A.K. is entitled to a writ for any of the following circuit court actions: (1) stay of discovery; (2) consolidation of the Estate case and A.K.'s case; and (3) denying A.K.'s motion to abate the Estate case. Given the procedural developments in this case since A.K. filed a writ petition in the Court of Appeals, we must first address whether this Court has jurisdiction over this claim and, in doing so, whether these issues are now moot. Hibbs and the Estate argue that all three issues are moot because the circuit court has since lifted the discovery stay, and the circuit court adopted the mediation agreement between the Estate and A.K. which purports to unconsolidate the two cases and abate the Estate case.

### I. A.K. is not entitled to a writ on the discovery issue because that issue is now moot.

First, we agree with the Court of Appeals that the discovery issue is now moot. Having a justiciable cause is a constitutional predicate to maintaining a case in Kentucky courts. *Commonwealth Cab. for Health & Fam. Servs., Dept. for Medicaid Servs. v. Sexton,* 566 S.W.3d 185, 192 (Ky. 2018). Mootness is one of our major justiciability doctrines, *id.* at 193, and whether this case is moot bears directly on the availability of a writ. *Riley v. Gibson,* 338 S.W.3d 230, 233 (Ky. 2011). "[A]ll Kentucky courts have the constitutional duty to ascertain

8

the issue of constitutional standing, acting on their own motion, to ensure that only **justiciable causes** proceed in court, because the issue of constitutional standing is not waivable." *Sexton,* 566 S.W.3d at 192. "The Kentucky Constitution limits the jurisdiction of Kentucky courts to justiciable causes." *Ward v. Westerfield,* 653 S.W.3d 48, 53 (Ky. 2022).

"The general rule is, and has long been, that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." *Morgan v. Getter,* 441 S.W.3d 94, 99 (Ky. 2014) (quotation omitted). A case becomes moot when a rendered judgment "cannot have any practical legal effect upon a *then* existing controversy." *Id.* (quotation omitted). We are required to dismiss an appeal "when a change in circumstance renders [our] court unable to grant meaningful relief to either party." *Medical Vision Group, P.S.C. v. Philpot,* 261 S.W.3d 485, 491 (Ky. 2008).

The discovery stay in question has since been lifted by the circuit court. Therefore, any relief granted by this Court would have no practical benefit. An "event" has occurred, i.e., the circuit court lifted the discovery stay, which "render[s] the judgment that might be pronounced ineffectual . . . ." *Morgan,* 441 S.W.3d at 99 (quotation omitted). In concluding that the discovery issue is now moot, we express no opinion on whether the stay was valid or proper.

There are several exceptions to our general rule regarding mootness, including the "capable of repetition, yet evading review" exception and the

9

public interest exception. *Id.* at 100, 102. A.K. argues that both of these exceptions apply, but we disagree.

The exception for cases "capable of repetition, yet evading review" has two elements: "(1) the challenged action must be too short in duration to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* (citation omitted). A.K. asserts that "[t]here is nothing stopping this case or any other case from being repeated." A.K. recognizes a circuit court's ability to stay discovery due to police investigation but claims that this case is capable of repetition yet evading review.

A.K.'s argument fails the first requirement because the discovery stay has already been lifted. While the circuit court retains the authority to set and enforce discovery parameters as the case develops and as it sees fit, the complained-of order no longer exists. A.K. challenges a discovery stay that was lifted in February 2022 and, based on the record before us and representations made by the parties, no discovery stay is currently in effect. Hibbs stated that as of October 31, 2022, when his brief was submitted to this Court, all of A.K.'s written discovery requests had been answered in their entirety and the parties were working to schedule depositions. A.K.'s brief argument lacks legal or factual support and is ultimately unpersuasive. It certainly does not satisfy the requirements that constitute the "capable of repetition, yet evading review" exception to mootness.

10

Next, A.K. argues that the public interest exception applies. The public interest exception has three elements: "(1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question." *Morgan,* 441 S.W.3d at 102 (quotation and citation omitted). "Trial courts have broad power to control the discovery process . . . ." *Barnes v. Goodman Christian,* 626 S.W.3d 631, 639 (Ky. 2021). While we recognize the public importance of instruction regarding whether civil discovery should be stayed pending the conclusion of a related criminal prosecution, this very issue was analyzed in *Lehmann v. Gibson,* 482 S.W.3d 375, 382 (Ky. 2016). There, the Court provided guidance to lower courts and enumerated factors to consider when determining whether a discovery stay is warranted. *Id.* at 384.

Importantly, in *Lehmann,* there was a criminal prosecution, not merely an investigation. We have no information in the record before us as to whether Hibbs or any of the other Bullitt County Sheriff's Office employees are currently under criminal prosecution, not just investigation, for their involvement in this incident. A.K. criticizes the circuit court for failing to apply the *Lehmann* considerations to the facts of this case, but again, no one asserts that criminal prosecutions are pending for any parties involved in this incident.

A.K. references the circuit court's June 2021 order staying discovery and repeatedly asserts that there is no reason for staying discovery but fails to note that, at the time her brief was filed in August 2022, the discovery stay in

11

question had already been lifted.[5]  Because we conclude that the Court has already spoken to this very issue, we find that the public interest exception to mootness is not satisfied and as such, we affirm the Court of Appeals' denial of a writ pertaining to the discovery issue.

**II.     The consolidation and abatement issues are not moot because the circuit court abused its discretion in separating A.K.'s case from the Estate case.**

Next, the Estate and Hibbs argue that the consolidation and abatement issues are now moot because the mediation agreement was explicitly adopted by the circuit court.  Before we can resolve the question of whether these issues are now moot, we must first consider what bearing the parties' mediation agreement, and the subsequent adoption of that agreement by the circuit court, has on the case before us.

Pursuant to CR 42.01,

> [w]hen actions **involving a common question of law or fact** are pending before the court, **it may order a joint hearing or trial** of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to **avoid unnecessary costs or delay.**

(Emphasis added).  "[C]onsolidation is discretionary with the trial court." *Adams Real Est. Corp. v. Ward,* 458 S.W.2d 622, 624 (Ky. 1970).  Because consolidation of actions is discretionary, we must determine whether the

---

[5] In her brief, A.K. states that the discovery stay was lifted, **in part**, by the circuit court's February 11, 2022 order.  We are unsure what she means by "in part" and that order is not in the record before us.  However, we note that a July 2022 order permits A.K. to proceed with deposing Hibbs and the other Bullitt County Sheriff's Office deputies.  Further, Hibbs asserts in his brief that the February 11, 2022 order opened "discovery in its entirety to all parties."

12

circuit court abused its discretion. A circuit court abuses its discretion if its decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999).

At the time A.K. filed her writ petition, the cases were consolidated and proceeding simultaneously. Now, the circuit court has undone the original order consolidating the cases and adopted the handwritten mediation agreement verbatim. While A.K.'s case and the Estate case were filed by two different plaintiffs, the two cases undoubtedly involve the same questions of law and fact, and separate trials would involve repeated litigation concerning the same facts and evidence. In fact, a verdict in one case would most certainly raise issues of *res judicata* with respect to the other case.

In its complaint, the Estate named an unnamed deputy (who all parties now identify as Hibbs), Sheriff Sholar, and the Bullitt County Sheriff's Office as defendants. A.K.'s complaint includes the same defendants but adds the other Bullitt County Sheriff's Office deputies Compton, Burdon, and Raque because her wrongful death claim pursuant to KRS 411.150 allows her to also seek recovery against anyone who aided or promoted the killing. The Estate case complaint includes the following claims: (1) wrongful death; (2) assault and battery; (3) excessive use of force; (4) negligence and gross negligence; (5) intentional infliction of emotional distress; (6) punitive damages; and (7) negligent hiring, training, and vicarious liability. A.K.'s complaint includes these exact same claims, with the addition of claims for loss of parental consortium (which the Estate clearly could not assert), and violation of an open

13

records request. Given the substantial overlap between parties and claims, it is difficult to imagine two cases more suitable for consolidation. Therefore, the circuit court properly consolidated these cases in the first instance and abused its discretion by unconsolidating the cases based on the plaintiffs' agreement. In doing so, the circuit court completely reversed one of the very issues that was pending before this Court in A.K.'s appeal of the writ denial.

The Estate's counsel asserts that A.K. and the Estate reached a voluntary resolution, agreeable to both parties, through mediation. But counsel fails to acknowledge that Hibbs, whose rights and interests are equally at stake in this civil litigation, did not attend the mediation and had no say in deciding that the cases should be unconsolidated and the Estate case abated.

We find nothing to suggest that parties to any litigation, much less **only** plaintiffs to litigation, have the authority to unilaterally make procedural determinations about a case. Plaintiffs here effectively stripped the circuit court of its discretion to determine when cases should be consolidated. CR 42.01. We acknowledge that the circuit court adopted the parties' mediation agreement, but it bears mentioning that Judge Burress originally consolidated the cases and a special judge, who was appointed in June 2022 after the cases had proceeded for over fourteen months, unconsolidated the cases by reciting the parties' agreement and provided no analysis or explanation as to why separating the cases is proper.

Further, the agreement to unconsolidate the cases directly contradicts Hibbs' interests and the position he expressed in his motion to consolidate.

14

Based on the record before us, Hibbs did not attend mediation.  It is illogical to posit that Hibbs or any employee of the Bullitt County Sheriff's Office would prefer to defend themselves in two separate matters involving the same facts, circumstances, and legal issues, as opposed to defending themselves against all claims in one consolidated action.[6]  Accordingly, we find that the circuit court abused its discretion in unconsolidating the two cases.  Separating the two cases is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *English,* 993 S.W.2d at 945.  As such, the consolidation and abeyance issues are not moot, and we now turn to assessing A.K.'s claims under our writ standard.

### III.    A.K. is not entitled to a writ on the consolidation and abatement issues.

As often noted, Kentucky courts "are—and should be—loath to grant . . . extraordinary writs unless absolutely necessary."  *Cox v. Braden,* 266 S.W.3d 792, 795 (Ky. 2008).  Petitions for writs

> fall outside the regular appellate process, especially when they are used as de facto interlocutory appeals (an increasing, undesired trend)[.] "[W]rit petitions also consume valuable judicial resources, slow down the administration of justice (even when correctly entertained), and impose potentially unnecessary costs on litigants.

---

[6] In his brief before this Court, Hibbs focuses on the writ standards and the discovery issue and makes scant mention of the consolidation and abeyance issues, ultimately concluding that all issues are now moot.  Curiously, Hibbs makes no argument as to why the cases should or should not be consolidated.  This is particularly surprising given his status as a defendant and the allegations against him in these matters, as separating the matters leaves open the potential for having to defend himself against two cases involving substantially the same parties and claims.

15

*Id.* Given these salient considerations, "to say that writ petitions should be reserved for extraordinary cases and are therefore discouraged is an understatement." *Id.* at 796.

This Court has held that:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004). A.K. concedes that the circuit court is acting within its jurisdiction, so we confine our analysis to the second class of writs. "On appeal, this Court reviews the Court of Appeals' legal reasoning *de novo,* while assessing its factual findings for clear error." *Leslie-Johnson v. Eckerle,* 653 S.W.3d 588, 590 (Ky. 2022) (citation omitted).

"Lack of an adequate remedy by appeal is an absolute prerequisite to the issuance of a writ under [the] second category." *Indep. Order of Foresters,* 175 S.W. 3d at 615. "'No adequate remedy by appeal' means that any injury to Appellants 'could not thereafter be rectified in subsequent proceedings in the case.'" *Id.* at 614-15 (quoting *Bender v. Eaton,* 343 S.W.2d 799, 801 (Ky. 1961)). Because we find that the cases were properly consolidated previously in this litigation, we are unpersuaded by A.K.'s assertions that this Court must issue a writ to separate the cases. Furthermore, the proper consolidation of these cases alleviates A.K.'s concerns regarding abatement.

16

On December 13, 2021, the circuit court denied A.K.'s motion to abate the Estate case. In denying the writ, the Court of Appeals held that A.K. failed to articulate why she lacks an adequate remedy by appeal as to consolidation of the two cases or as to the circuit court's refusal to abate the Estate case. The Court of Appeals explained that neither order complained of is final, and each are subject to revision as the facts of the case are further developed. If A.K. is ultimately prejudiced by consolidation and, therefore, denial of abatement, she can appeal from a final judgment. We agree.

A writ is not appropriate even though a remedy by appeal "may be fraught with delays, inconveniences, postponements, greater financial outlays, and even possible imprisonment, all of which might be avoided, or greatly curtailed, by a resort to an original application to this court." *Osborn v. Wolfford,* 39 S.W.2d 672, 674 (Ky. 1931). A.K. has failed to demonstrate how she lacks an adequate remedy by appeal, instead focusing on her superior right over the Estate to bring a wrongful death claim. If A.K. is ultimately harmed by the consolidation of these two cases, she can use the ordinary appellate process to seek relief. A.K.'s failure to articulate her lack of remedy by appeal, paired with our reasoning in Section II that consolidation is proper, leads to our conclusion that the Court of Appeals properly denied the writ.

## CONCLUSION

Based on the foregoing, we conclude that the circuit court abused its discretion by separating the Estate case from A.K.'s case. We also hold that

17

the discovery issue is now moot and no exception to mootness applies. As such, we affirm the Court of Appeals' denial of a writ.

All sitting. Bisig, Conley, Lambert, and Thompson, JJ., concur. VanMeter, C.J., concurs in part and dissents in part by separate opinion in which Keller and Nickell, JJ., join.

VANMETER, C.J., CONCURRING IN PART AND DISSENTING IN PART: I concur in so much of the majority opinion as affirms the Court of Appeals' Order denying A.K.'s writ of prohibition and mandamus. I, however, respectfully dissent from so much of the opinion as holds the trial court erred in deconsolidating the Estate's and A.K.'s respective cases. The trial court entered its deconsolidation order on July 13, 2022, **after** the Court of Appeals entered its order denying A.K.'s writ petition, and while briefing was occurring on that matter. If the trial court erred in entering an order, the defendants' remedy was to file their own writ petition with the Court of Appeals under our rules, NOT to bootstrap this subsequent order onto a matter pending before us. Certainly, some matters may require the exercise of our extraordinary writ jurisdiction. KY. CONST. § 110(2)(a); *see Beshear v. Acree*, 615 S.W.3d 780, 797 (Ky. 2020) (this court exercised its writ power in wake of global pandemic and possible conflicting circuit court decisions). This case does not require that we ignore our regular order.

Keller and Nickell, JJ., join.

18

COUNSEL FOR APPELLANT, ARAYA KESSLER:

Zackary McKee
McKee Law Office, PLLC

COUNSEL FOR APPELLEE, NICHOLAS HIBBS:

Carol Schureck Petitt
Vaughn Petitt Legal Group, PLLC

Tess M. Fortune
Vaughn Petitt Legal Group, PLLC

COUNSEL FOR APPELLEE, CHRISTIE KIPER, ADMINISTRATRIX:

Steven R. Romines
Romines Weis & Young PSC

Steve Blandford
Steve Blandford Law, PLLC

APPELLEE:

Hon. Rodney Darrel Burress
Bullitt Circuit Court, Division 1