# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

**THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS
OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR
CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN
UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A
COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG
WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO
THE  ACTION.**

RENDERED: DECEMBER 19, 2024
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0515-MR

CHERI WINSTEAD, ADMINISTRATRIX                  APPELLANT
OF THE ESTATE OF LANDON NOKES

                           ON APPEAL FROM COURT OF APPEALS
V.                               NO. 2023-CA-1017
                  JEFFERSON CIRCUIT COURT NO. 23-CI-004105

HONORABLE PATRICIA MORRIS,                 APPELLEE
JUDGE, JEFFERSON CIRCUIT COURT

AND

PROFIRIO CRUZ HERNANDEZ                 REAL PARTY IN
                                 INTEREST / APPELLEE

**OPINION AND ORDER OF THE COURT**

**<u>DISMISSING AS MOOT</u>**

Appellant Winstead filed a civil suit against Appellee Hernandez for wrongful death arising from a drunk driving collision. Winstead propounded discovery requests asking Hernandez to identify the bar where he was drinking before the collision. Hernandez faced related criminal charges, and the Jefferson Circuit Court therefore stayed Hernandez's obligations to respond to Winstead's discovery requests.

Facing a one-year statute of limitations on a possible dram shop claim, Winstead then brought this original action in the Court of Appeals for a writ directing the Jefferson Circuit Court to require Hernandez to respond to the

discovery requests under seal and without disclosure of his responses to prosecuting authorities. The Court of Appeals denied the requested writ and Winstead now appeals to this Court as a matter of right. Ky. Const. § 115.

After Winstead filed the present appeal, Hernandez pled guilty in the underlying criminal case. Hernandez also identified the bar at issue to Winstead, who has now also filed an Amended Complaint that includes that entity as a defendant. As such, we conclude the matter is moot and therefore dismiss this appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 18, 2022, Landon Nokes was killed in an automobile collision with Hernandez. Hernandez had a blood alcohol level of 0.192 at the time of the collision. A grand jury later handed down an indictment charging Hernandez with murder, first-degree wanton endangerment, operating without a license, and operating a motor vehicle under the influence of alcohol.

Winstead contends that her counsel contacted Hernandez's counsel to find out whether Hernandez would provide information about where he was drinking before the collision so that Winstead could file wrongful death and other dram shop liability claims before expiration of the one-year statute of limitations. Hernandez declined to provide the requested information.

Winstead then filed a civil suit against Hernandez and propounded discovery requests asking Hernandez to identify where he consumed alcohol before the collision. Hernandez responded with a motion to stay the discovery requests pending resolution of the criminal case against him. Winstead moved

2

for a protective order allowing the discovery but prohibiting disclosure of any incriminating evidence to anyone outside the civil case and prohibiting use of disclosed incriminating evidence in the criminal proceeding.  The trial court granted Hernandez's request for a stay and denied Winstead's requested protective order.

Winstead then filed this original action in the Court of Appeals for a writ of prohibition and mandamus requiring Hernandez to provide the requested discovery.  The Court of Appeals held that Winstead lacked an adequate remedy by way of appeal because the one-year statute of limitations for the dram shop claim would likely expire before such an appeal could be adjudicated.  The Court of Appeals also found that Winstead's potential loss of her dram shop claim due to expiration of the statute of limitations likewise constituted irreparable injury.

However, the Court of Appeals held that the trial court correctly stayed Hernandez's discovery obligations pending resolution of his criminal case.  The Court of Appeals found that requiring Hernandez to respond would violate his Fifth Amendment right against self-incrimination, and that Winstead's proposed protective order prohibiting disclosure and use of Hernandez's discovery responses in the criminal proceeding was insufficient to protect those rights.  The Court of Appeals therefore declined to grant Winstead's requested writ, and Winstead now appeals to this Court as a matter of right.

After Winstead's filing of this appeal, Hernandez pled guilty and was sentenced in the underlying criminal case on January 30, 2024.  Hernandez

3

shortly thereafter provided Winstead the identity of the bar where he drank before the collision. Winstead filed an Amended Complaint against the bar on February 12, 2024.

Given that Hernandez's Fifth Amendment rights are no longer at issue and because Winstead now knows the identity of the bar where Hernandez drank before the collision, this Court issued an Order on September 24, 2024 requiring the parties to show cause why the appeal should not be dismissed as moot. Winstead responds that Hernandez identified the bar only after the one-year statute of limitations on the dram shop claim expired, and thus the trial court's stay of discovery infringed on Winstead's rights under the Kentucky Constitution to protect property, to an open court, to seek remedy for injuries, and to recover for wrongful death. *See* Ky. Const. §§ 1, 14, & 241. Winstead maintains we should therefore apply the public interest exception to the mootness doctrine and consider the proper balancing of a civil litigant's right to obtain discovery to pursue a timely claim against a criminal defendant's right to remain silent. Hernandez responds that the appeal is moot and does not object to dismissal. We conclude that the appeal is moot and that the public interest exception to the mootness doctrine does not apply, and therefore dismiss the appeal as moot.

**ANALYSIS**

Under the mootness doctrine, an appellate court "must, of course, dismiss an appeal 'when a change in circumstance renders that court unable to grant meaningful relief to either party.'" *Lehmann v. Gibson*, 482 S.W.3d 375, 381 (Ky. 2016) (quoting *Commonwealth, Kentucky Bd. of Nursing v. Sullivan Univ. Sys., Inc.*, 433 S.W.3d 341, 344 (Ky. 2014)). However, under the public interest exception to the mootness doctrine, the court may rule upon an otherwise moot issue if the following three elements are met:

> (1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question.

*Id.* (quoting *Morgan v. Getter*, 441 S.W.3d 94, 102 (Ky. 2014)).

Here, the question regarding the proper balance between a civil litigant's interests and a criminal defendant's right to remain silent is of a public nature and there is a likelihood of future recurrence. *See id.* at 382 ("This is surely a question of public importance, involving the rights not only of criminal defendants but also those of civil plaintiffs. It seems likely that criminal and civil cases will again arise out of the same events such that the instant discovery issue will reappear."). However, the public interest exception nonetheless does not apply because we have previously addressed the balancing of a civil litigant's rights against those of a criminal defendant. As such, there is no "need for an authoritative determination" of the issue "for the

future guidance of public officers" as our case law already sets forth that guidance.

In *Barnes v. Goodman*, this Court was asked to consider the same question presented here, namely how trial courts should balance a civil litigant's interest in conducting discovery against a criminal defendant's right to remain silent. 626 S.W.3d 631 (Ky. 2021). Barnes was a criminal defendant charged with abusing an elderly woman in a nursing home. *Id.* at 634. The victim's family brought a civil suit against Barnes and a number of other employees and entities. *Id.* In the civil suit, Barnes sought a motion to stay discovery in order to preserve her right to remain silent, which the trial court denied. *Id.* at 633. The Court of Appeals denied Barnes' request for a writ, and she appealed to this Court.

In our published Opinion affirming the Court of Appeals, we set forth the relevant considerations for trial courts to weigh in balancing the interests of a civil litigant against a criminal defendant's right to remain silent. We began by noting that a criminal defendant's Fifth Amendment right does not necessarily prevail over a civil litigant's need for discovery. *Id.* at 639. We also noted that "staying a civil case is not constitutionally mandated when a parallel criminal case is pending." *Id.* at 640. We held that trial courts should "be flexible and not use granting a stay as a 'default position.'" *Id.* (quoting *Lehmann*, 482 S.W.3d at 384).

We further pointed out the numerous tools available for trial courts to employ in allowing civil discovery to proceed while also protecting a criminal

6

defendant's right to remain silent.  For example, we explained that trial courts may use protective orders to prevent an improper use of civil discovery in the prosecution of a criminal defendant.  *Id.* at 639.  We also pointed to other options available such as  "staying depositions, limiting topics [and] sealing interrogatories."  *Id.* at 640. We further noted the additional option of "limiting depositions to identified terms, conditions, matters, and witnesses while being conducted in the presence of court-designated individuals; sealing a deposition upon completion and permitting review only upon court order; and, placing an embargo on disclosure."  *Id.*

In short, *Barnes* plainly sets forth the relevant considerations, parameters, and procedures for trial courts to use in balancing a civil litigant's interest in conducting discovery against a criminal defendant's right to remain silent.  It leaves no question as to how a trial court should approach that task. Its holding and guidance apply equally when, as here, a civil plaintiff is concerned with the possible expiration of a statute of limitations.  As such, there is no need for us to again issue guidance on the issue, given that we have already done so in plain and comprehensive terms set forth in a published Opinion.  Moreover, because the issues presented in this case are moot, there is also no need for us to consider whether the trial court erred in applying our existing law.  Accordingly, because there is no need for authoritative guidance, the public interest exception to the mootness doctrine does not apply.  We therefore conclude this appeal should be dismissed as moot.

**<u>ORDER</u>**

For the foregoing reasons, this appeal is hereby dismissed as moot.

All sitting.  All concur.

ENTERED: December 19, 2024

_____
CHIEF JUSTICE